NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 28 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MADDI JEFFREY AARON MOORE, | No. 21-15915 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-08221-DLR |
| v. | MEMORANDUM* |
| HICKEY, Classification Officer at M.C.A.D.F.; RUYG, Classification Officer at M.C.A.D.F.; DOUG SCHUSTER, Sheriff at Mohave County; DON BISCHOFF, Director at M.C.A.D.F.; PAM COWIN, Legal Assistant at M.C.A.D.F.; COX, named as Lt. Cox; Administrator at M.C.A.D.F.; HULL, Grievance Officer at M.C.A.D.F.; ANHALT, Mail Officer at M.C.A.D.F.; RAHM, Hygiene Officer at M.C.A.D.F.; RAMSEY, Hygiene Officer at M.C.A.D.F.; CANDELARIA, named as Sgt. Candelaria; Supervisor at M.C.A.D.F., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Submitted June 15, 2022**

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:      SILVERMAN, WATFORD, and FORREST, Circuit Judges.

Arizona state prisoner Maddi Jeffrey Aaron Moore appeals pro se from the district court's judgment dismissing for failure to exhaust administrative remedies her 42 U.S.C. § 1983 action alleging Eighth Amendment violations that occurred while Moore was a pretrial detainee. We have jurisdiction under 28 U.S.C. § 1291. We review for clear error the district court's factual findings relevant to its exhaustion determination, and we review de novo the district court's legal rulings on exhaustion. *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (en banc). We affirm.

The district court did not commit clear error by finding, following an evidentiary hearing, that Moore's administrative remedies were not effectively unavailable, and that Moore failed to exhaust administrative remedies on her Eighth Amendment failure-to-protect claim. *See Ross v. Blake*, 578 U.S. 632, 638, 642-44 (2016) (explaining that an inmate must exhaust "such administrative remedies as are available" before bringing suit, and describing limited circumstances under which administrative remedies are effectively unavailable); *Husain v. Olympic Airways*, 316 F.3d 829, 835 (9th Cir. 2002) ("[I]f the district court's findings are plausible in light of the record viewed in its entirety, the appellate court cannot reverse even if it is convinced it would have found differently.").

21-15915

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests are denied.

**AFFIRMED.**